Wright, J.
 

 It is not claimed that if the defendant became a party, with others, to the agreement to contribute to the'erection of the new church edifice of the plaintiffs, he can avoid payment of his subscription on the ground that such agreement was without consideration. There is a sufficient consideration expressed in the instrument to uphold the promise to pay of the subscribers to it. The position assumed is, that he never became a party with others to any agreement to contribute towards the erection of the Church;. but that he made a distinct and independent one for himself, which, though written on the subscription paper Under the signatures of other subscribers, was not connected with nor formed any part of the
 
 *236
 
 instrument subscribed by the others; and that' such independent agreement is void for want of consideration.. This position, I think, is untenable. The paper signed by the defendant and some sixty other persons is to he regarded, as the subscribers thereto plainly intended it should be, as one instrument; and the words prefixed to the signature of the defendant are not to he construed as an independent agreement with him, written on the subscription paper but not intended by the parties to have any connection with or form any part of it. The surrounding circumstances indicate plainly that the defendant never contemplated making an agreement for himself, distinct from the other subscribers. He subscribed the agreement to contribute, in common with others, to build the church, indicating specially the amount and character of his subscription; and this is all the effect properly to be given to the words prefixed to his signature.
 

 It is said that the words import nothing more than an agreement to give a lease of the house in Genesee street to the society for three years, which is entirely at variance with the terms of the subscription providing for the payment of the amounts subscribed in six several installments. But it is not a fair construction of the language in which the subscription was made, to hold that the defendant intended thereby to constitute the , society Ms tenant for three years, and that, by way of aiding to build the church, such society should control or occupy the premises. He obviously meant to give or appropriate the rent or income of the premises for three years, fixing such income at $516; and not that the premises should be demised to the society for it to sub-let at such rent as could be obtained for the same.
 

 The defendant, therefore, being a subscriber and .party to the agreement to contribute towards building the church, the remaining inquiries are as to the amount and nature of his subscription, and whether a breach on his part was shown, The sum or amount annexed to his name, which he agreed to pay to the trustees according to the terms of the writing subscribed by him, was $516, The writing attached to his signature i.s in
 
 *237
 
 effect this: “I will give the full rent or income of my house in Genesee street for three years, which at present rent is $516.”, This was in substance a cash subscription to that amount, or at least to the amount of the full rent of the premises for three years. It was so intended by the defendant, or otherwise it would have been quite unnecessary to specify any sum as the rent Or value of the premises. The intention of such specification was to fix the sum of the subscription of the defendant, or if not that, to show that the rent, and not a lease of the premises, was agreed to be contributed.
 

 How, was a breach of the agreement shown? The plaintiffs built the church by and according to the terms of the subscription, upon the faith of the amount so subscribed by the defendant and others, and performed the conditions imposed on them by the contract. In 1848, before the building was commenced, the defendant was called on for the first installment of his subscription. He declined to pay. In 1851 or 1852, the subscription was again demanded. He refused absolutely to pay or comply with his agreement, denying any liability. He never offered to execute a lease, or place the plaintiffs in a position to receive the rent of the house in Genesee street, but such rent was received by himself. Eegarding the subscription of the defendant to be the rent of the house for three years, and not a fixed sum of $516, as he collected and appropriated such rent, not towards building the church but to his own purposes, he is liable for the.amount of it. After a denial of any liability, no further or more specific demand of the rent or subscription was necessary to put the defendant in default.
 

 The mistake in the corporate name of the plaintiffs in the . pleading, describing themselves as
 
 “
 
 The Trustees of the First Baptist Society,” instead'of “ The First Baptist Society,” was the subject of amendment in the court below, and is nó such error as to lead to a reversal of the judgment in this court.
 

 The judgment of the Supreme Court should be affirmed.
 

 Comstock, Ch. J., did not sit in the case; all the other judges concurring,
 

 ■Judgment affirmed.