ELIJAH P. TAYLOR, Jr., as Supervisor of the Town of
Galen, Respondent, v. EMORY W. GURNEE, Appellant.

*Supervisor — how compelled to account for his acts as trustee of the gospel and school lot.*

When the supervisor of a town acting, under section 27 of chapter 179 of 1856,
as "trustee of the gospel and school lot" improperly invests and thereby loses
moneys belonging to such fund, an action to compel him to account and make
good the loss thereby occasioned should be brought by his successor, who
should describe himself in the title of the action as the trustee of the gospel
and school lot.

Appeal from an order denying a motion for a new trial, made
upon the minutes of the justice before whom the action was tried,
after the rendering of a verdict in favor of the plaintiff.

*George Baker*, for the appellant.

*Vandenburg & Saxton*, for the respondent.

Hardin, J.:

Defendant was supervisor of the town of Galen in 1873, and
until the town meeting in March, 1874. While such supervisor
he received $245, as such supervisor, belonging to the "gospel
and school lot" of the town of Galen.

Instead of investing such funds "in loans, secured by bond and
mortgage upon unincumbered real property of the value of double
the amount loaned," as required by section 3 of 1 Revised
Statutes, 498, he loaned the same upon a personal note of a bor-
rower, who has never repaid them, and is now insolvent.

The plaintiff in his complaint alleged the "defendant has never
properly accounted for the said moneys belonging to said fund, *and
that said town of Galen* by *reason* of the acts of defendant, as here-
inbefore set forth, *has sustained damages to the* amount of $279.29,
and interest from December 3, 1876."

Several times during the trial the defendant raised a question as
to the right of the plaintiff to have and maintain this action, and
insisted that the action should have been brought in the name
of the town. The trial court ruled and decided adversely, each time

upon such questions, to the defendant, and exceptions were duly taken. Section 1 of 1 Revised Statutes, 497, provided for an election of "trustees of the gospel and school lot," and declared such trustees "shall be a corporation for the purposes of their office."

Chapter 186 of the Laws of 1846, declared "the office of trustees of the gospel and school lots in the several towns in this State is hereby abolished; and the powers and duties * * * shall hereafter be exercised by the town superintendent of common schools."

Section 27 of chapter 179 of Laws of 1856, conferred and imposed all the powers and duties "upon the supervisors of towns," and declared the same "shall hereafter be exercised and performed by them." (Chap. 179, Laws 1856.) In section 3 of 1 Revised Statutes, 498, is a provision requiring the trustees "to render a just and true account of the proceeds of the sales," etc., "on the last Tuesday next preceding the annual town meeting in each year, to the *board of auditors,* of the accounts of other town officers," and "to deliver over to their successors in office, all books, papers and *securities* relating to the same, at the expiration of their respective offices."

1 Revised Statutes, 498, section 4, provides: "The board of auditors in each town shall annually report the state of the accounts of the trustees of the gospel and school lots in *that town,* to the inhabitants thereof, at their annual town meeting."

In section 6 it is declared "the shares of such money to which the towns shall be respectively entitled, shall be paid to the trustees." * * * And section 7 provides that in case trustees shall not have been chosen, "*the share of such town shall be paid* to the supervisor." * * * These quotations from the Revised Statutes indicate that the property and funds belong to the towns, for the uses named, and they indicate that when the supervisor of the town obtained such moneys, they come to his hands "by virtue of his office" as trustee of the gospel fund.

When the supervisor converts such moneys to his own use he becomes liable to account for the same. We conclude, therefore, that the action before us was for money which came to the defendant's hands "by virtue of his office," and was the money of the town, held as trustee of the gospel and school lot, and when recovered

by the supervisor would pass to the custody of the supervisor of the town for its use, and like other moneys raised for the use of the town should be accounted for and paid over by its officer to his successor for the use of the town.

The several motions for a nonsuit were properly denied. The motion for a new trial on the minutes was properly denied and we must allow the order to stand. As trustee of the gospel and school lot the plaintiff was entitled to recover the moneys sought in this action. We may amend the complaint so that the proper title of trustee will appear there. (*Trustees of Baptist Society* v. *Robinson*, 21. N. Y., 234.)

In virtue of his office he became by force of the statute such trustee. The verdict was right. The motion for a new trial was properly denied.

Order affirmed, with costs, and judgment ordered for plaintiff.

SMITH, P. J., concurred; DWIGHT, J., not voting.

Order denying new trial affirmed.